Boren et al v. American National Insurance Company                                                              Doc. 4

RECEIVED
JUL 18 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
    DEPUTY CLERK

FILED
2006 JUL 18 PM 4: 11
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
        DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DOUGLAS BOREN, Individually and on behalf of all other similarly situated persons,
      Plaintiff,

v.

AMERICAN NATIONAL INSURANCE COMPANY, a foreign corporation,
      Defendant.

Case No. A-06-CA-294 LY

**ORDER PRELIMINARILY CERTIFYING A CLASS
FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING
THE CLASS SETTLEMENT, APPOINTING CLASS COUNSEL,
DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS,
ENJOINING PROSECUTION OF RELEASED CLAIMS, AND
SCHEDULING A FAIRNESS HEARING**

This application having been brought before the Court jointly by plaintiff Douglas Boren and American National Insurance Company ("ANICO"), through their duly-authorized counsel; and,

Plaintiff having filed a class action complaint against ANICO alleging, inter alia, the failure to refund unearned premiums on credit life and credit disability insurance policies issued in connection with retail installment loans (the "Action"); and,

ANICO having had success in defending similar actions by dismissal on the merits or by defeating class certification; and,

The parties having entered in a Settlement Agreement, dated July 17, 2006, in which the parties have agreed to settle the Action pursuant to the terms of the Settlement

Dockets.Justia.com

Agreement, subject to the approval and determination of the court as to the fairness, reasonableness, and adequacy of the settlement, which, if approved, will result in the dismissal of the Action with prejudice; and,

As a condition of the Settlement, Douglas Boren, on behalf of himself individually and on behalf of each of the Class Members has agreed to release all claims arising under federal, state or common law as specified in the Release; and,

The injunction set forth in Paragraph 16 of this Order is a material term of the Settlement and an essential component of the consideration for which the Defendant negotiated; and,

The Court having reviewed the Settlement Agreement, including the exhibits attached thereto and all prior proceedings herein, and good cause appearing based on the record;

IT IS on this 18th day of July, 2006, **ORDERED, ADJUDGED AND DECREED** as follows (all capitalized terms being defined as they are defined in the Settlement Agreement unless otherwise specified or defined herein):

**1.     Stay of the Action**

All discovery and other pretrial proceedings in the Action are hereby stayed and suspended until further order of the Court.

**2.     Preliminary Class Certification for Settlement Purposes**

The Action is preliminarily certified as a class action for settlement purposes only, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The Court preliminarily finds that (a) the Class certified herein numbers at least in the thousands of persons, and that joinder of all such persons would be impracticable, (b) there are issues of law and fact that are

common to the class, and that those issues predominate over individual questions, (c) a class action on behalf of the certified class is superior to other available means of adjudicating this dispute, and (d) as set forth in paragraph 6 below, Plaintiff is typical of the class and he and Class Counsel are adequate representatives of the Class. ANICO retains all rights to assert that this Action may not be certified as a class action, except for settlement purposes only.

3. **Class Definition**

All persons (a) who purchased credit life insurance or credit disability insurance from Defendant ANICO in connection with a retail installment loan; (b) whose underlying loan terminated during the Class Period prior to maturity; and (c) who did not receive a return of Unearned Premiums under their policy. Excluded from the class are members of the Fifth Circuit judiciary and employees of ANICO, and their immediate families.

4. **Unearned Premiums**

The portion of the single premium that is due to be refunded to a customer when the underlying debt is terminated before the insurance coverage is scheduled to expire, as numerically calculated pursuant to the law of the state in which a Policy was issued.

5. **Class Period**

The Class Period begins on February 17, 1990 and ends on July 31, 2006 for the following states: Kentucky and Ohio. The Class Period begins on February 17, 1995 and ends on July 31, 2006 for the following states: Illinois, Iowa, Louisiana, Missouri, Rhode Island, and Wyoming. The Class Period begins on February 17, 1997 and ends on July 31, 2006 in the following state: Montana. The Class Period begins on February 17, 1999

3

and ends on July 31, 2006 for the following states: Alabama, Arizona, Connecticut, Hawaii, Indiana, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, North Dakota, Oregon, South Dakota, Tennessee, Utah, Vermont, Washington, and Wisconsin. The Class Period begins on February 17, 2000 and ends on July 31, 2006 for the following states: Arkansas, Idaho, Kansas, Nebraska, Oklahoma, and Virginia. The Class Period begins on February 17, 2001 and ends on July 31, 2006 for the following states: California, Florida, Georgia, Pennsylvania, and Texas. The Class Period begins on February 17, 2002 and ends on July 31, 2006 for the following states: Alaska, Colorado, Delaware, Maryland, Mississippi, New Hampshire, North Carolina, and South Carolina.

6. **Class Representative and Class Counsel**

Douglas Boren is designated as the representative of the conditionally certified Class. The Court preliminarily finds that this individual is similarly situated to absent Class Members and therefore typical of the Class, and will be an adequate class representative.

Austin Tighe and the law firm of Feazell & Tighe, L.L.P., whom the Court preliminarily finds are experienced and adequate counsel, are hereby designated Class Counsel.

7. **Preliminary Settlement Approval**

The Court finds, upon preliminary review, that the Settlement Agreement and the settlement that it incorporates appear to be fair, reasonable and adequate. Those Class Members who properly submit a claim are eligible for relief in the form of cash payment of 100% of the Unearned Premiums paid to Defendant. That common fund will not be

4

depleted by the payment of any fees or expenses, all of which will be paid additionally and separately by Defendant. The Court finds that the Settlement Agreement falls "within the range of possible approval." Accordingly, the Settlement Agreement is preliminarily approved, subject to a further determination to be made after the Fairness Hearing, and is sufficient to warrant sending notice to the Class.

**8.     Jurisidiction**

The Court has subject-matter jurisdiction over this Action pursuant to 28 U.S.C. §1332(d)(2) and personal jurisdiction over the parties before it.

**9.     Fairness Hearing**

A Fairness Hearing Shall be held on _November 17, 2006_ at _9:00 a.m._ at the United States District Court for the Western District of Texas, Austin Division, 200 West 8th Street, Austin, Texas, 78701, Courtroom _1_ to determine among other things: (i) whether the Action should be finally certified as a class action for settlement purposes pursuant to Fed.R.Civ.P. 23(a) and (b)(3); (ii) whether the settlement of the Action should be approved as fair, reasonable and adequate and finally approved pursuant to Fed.R.Civ.P. 23(e); (iii) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iv) whether Class Members should be bound by the release set forth in the Settlement Agreement; (v) whether Class Members and related persons should be subject to a permanent injunction; (vi) whether the application of Class Counsel for an award of attorneys' fees and expenses should be approved; and (vii) whether the application of the representative Plaintiff for an incentive award should be approved. The submissions of the Parties in support of the settlement shall be filed

with the Court at least 15 days prior to the Fairness Hearing and may be supplemented up to seven days prior to the Fairness Hearing.

**10.    Administration**

ANICO or its designee is hereby authorized to: (a) establish the means necessary to administer the proposed settlement and implement the Claim Process, in accordance with the terms of the Agreement; and (b) to retain one or more Notice and/or Settlement Administrators, in consultation with and approval of Class Counsel, to help administer the proposed settlement, including the notice provisions, as described in this Agreement.

**11.    Class Notice and Claim Form**

The proposed Class Notice Package, including the proposed form of Notice and Claim Form, and the notice methodology described in the Settlement Agreement are hereby approved.

    a.    Pursuant to the Settlement Agreement, the Court appoints ANICO as the Notice Administrator to implement the terms of the Settlement Agreement and the Notice Plan.

    b.    Pursuant to the Settlement Agreement, the Court appoints ANICO as the Settlement Administrator to implement the terms of the Settlement Agreement and the Notice Plan.

    c.    The Notice Administrator or its designee shall complete the mailing of the Class Notice Packages (Exhibits A1 and A2 to the Settlement Agreement) to all Policyholders whose Policies were issued after March 1, 2001 and who have not either filed a claim with ANICO or previously been provided a refund of Unearned Premium by ANICO and publish the

6

summary notice (Exhibit A3 to the Settlement Agreement) in two editions of USA Today, one week apart, within 45 days from entry of this Order, as described in the Settlement Agreement. Where ANICO is aware that the Class Member has pending litigation against the Company relating to any matter proposed to be released by the Settlement Agreement, the Notice Administrator shall also send the Class Notice Packages to any legal counsel known to represent the Class Member.

d. The Notice Administrator shall attempt to: (a) promptly re-mail any notices returned by the United States Postal Service with an expired forwarding address that are received by the Notice Administrator; and (b) research any returned notices that do not include a forwarding address and re-mail the Class Notice Packages to the new address as a result of its research.

e. The Notice Administrator shall file proof of the mailing of the Class Notice Packages prior to the Fairness Hearing.

## 12. Findings Concerning Notice

The Court finds that the notice in paragraph 11 of this order: (a) constitutes the best practicable notice; (b) is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of this Action, the terms of the proposed settlement, and their rights under the proposed settlement, including, but not limited to, their right to object or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) is reasonable and constitutes due, adequate and sufficient notice to all Class Members and other persons entitled to receive notice; and (d)

meets all applicable requirements of law, including but not limited to, Fed.R.Civ.P. 23(c) and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

### 13.   Communications with Class Members

ANICO, including its Agents or other representatives and any other retained personnel, are authorized to communicate with potential Class Members, Class Members and other present or former policy owners about the Action and the terms of the proposed settlement, but only as specified by the Settlement Agreement, and to engage in any other communications within the normal course of ANICO's business, including, but not limited to, communicating with Producers and with its auditors, rating agencies, insurance commissioners, regulators or similar reporting organizations or governmental entities regarding the impact and/or administration of the settlement.

### 14.   Exclusion from Class

Any Class Member who wishes to exclude himself or herself from the Class must submit a timely written request for exclusion containing the information set forth in the Class Notice, postmarked no later than October 9, 2006, to the Notice Administrator, in care of the address provided in the Class Notice. If the proposed settlement is approved, any Class Member who has not submitted a timely, written request for exclusion from the Class shall be bound by all subsequent proceedings, orders and judgments in this Action, even if the Class Member previously initiated or subsequently initiates against any or all of the Released Parties any litigation or other proceeding encompassed by the Release

and the claims released in the Settlement Agreement. Persons who exclude themselves from the Class shall not be entitled to participate in the benefits of the Settlement Agreement.

**15.     Objections and Appearances**

Any Class Member or their counsel hired at their own expense who complies with the requirements of this paragraph may object to any aspect of the proposed settlement.

    a.    Any Class Member who wishes to object to the final certification of the Class, the fairness, reasonableness or adequacy of the Settlement Agreement, the proposed settlement, the award of Attorneys' Fees and Expenses, or any other term or terms of the Settlement Agreement must serve on Class Counsel and ANICO's counsel and file with the Court, no later than October 2, 2006, a Notice of Intent to Object, as well as the specific reasons for each objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his or her objection, or be forever barred from so objecting. To object, a Class Member must send a letter saying that he or she objects to the Court Clerk, Class counsel, and ANICO's counsel referencing this suit and stating: (i) a written statement of each objection being made, (ii) a written, detailed description of the legal authorities underlying each such objection, (iii) a written, detailed description of the legal authorities underlying each such objection, (iv) a statement of whether the objector intends to appear at the Fairness Hearing, (v) a written list of witnesses whom the objector may call by live

testimony, oral deposition testimony or affidavit during the Fairness Hearing, a statement of the testimony to be offered, and (vi) a written list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of those exhibits. If the objector fails to comply with this procedure for making objections, any objection had will be deemed by the Court to have been waived.

b.  Any attorney hired by a Class Member, at the Class Member's expense, for the purpose of objecting to the final certification of the Class, the fairness, reasonableness or adequacy of the Settlement Agreement, the proposed settlement, the award of Attorneys' Fees and Expenses, or any other term or terms of the Settlement Agreement must serve on Class Counsel and ANICO's counsel and file with the Court a notice of appearance, no later than 45 days before the Fairness Hearing.

c.  Any Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense who has filed a timely notice of appearance, must serve on Class Counsel and ANICO's counsel and file with the Court, no later than 20 days before the Fairness Hearing, a notice of intention to appear at the Fairness Hearing.

**16. Preliminary Injunction**

All proceedings in this Action and all Released Claims, as described in the Settlement Agreement, currently being asserted by or on behalf of any Settlement Class Member in any forum are ordered stayed until final determination, except as may be

necessary to implement the Settlement or comply with the terms of the Settlement Agreement. The proceedings stayed by this Order include, but are not limited to: (i) *W. Bailey Gross v. American National Insurance Company*, Civil Action No. SU-05-CV-569-6 In the Superior Court of Muscogee County, Georgia; and, (ii) *Walter Vick v. American National Insurance Company*, Docket No. HHD CV 05 4014170s in the Superior Court for the State of Connecticut, Judicial District of Hartford. Pending final determination of whether the Settlement should be approved, neither the Class Representative nor any Settlement Class Member, either directly, representatively or in any other capacity, nor any person or entity allegedly acting on behalf of Settlement Class Members, shall commence or prosecute against ANICO or against any of the other Releasees, any action or proceeding in any court or tribunal asserting any of the Released Claims as described in the Settlement Agreement, provided, however, that this stay shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with Paragraph 14 of this Preliminary Approval Order, nor shall this stay apply to *State of Texas v. American National Insurance Company,* Cause No. D-1-GV-06-001363 in the District Court of Travis County, Texas, 126th Judicial District. This stay is necessary to protect and effectuate the Settlement, the Preliminary Approval Order, and this Court's flexibility and authority to effectuate this Settlement and to enter Final Judgment when appropriate, and in aid of this Court's jurisdiction pursuant to 28 U.S.C. §§ 1651(a) and 2283.

17. **Termination of Settlement**

This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing

immediately before this Court entered this Order if: (i) the settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; (ii) the settlement is terminated in accordance with the Settlement Agreement; or (iii) the settlement does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

18. **Retaining Jurisdiction**

The Court reserves the right to adjourn or continue the date of the Fairness Hearing without further notice to the Class Members. The Court may approve or modify the Settlement without further notice to the Class Members. The Court shall maintain continuing jurisdiction over these settlement proceedings and all further applications arising out of or connected with the Settlement to assure the effectuation thereof for the benefit of the Class.

**IT IS SO ORDERED.**

DATED: July 18, 2006

HON. LEE YEAKEL
UNITED STATES DISTRICT JUDGE